Brbitbl, J. (concurring).
I agree that there should be an affirmance. There was neither request for nor exception to the absence of a charge on the need for corroboration. This has always been essential with respect to rape (People v. Biglizen, 112 App. Div. 225, 229, affd. 185 N. Y. 616). It is unreasonable that the requirement for assault with intent to commit rape should be greater than that for rape. Moreover, there was ample corroboration of the assault with intent to commit rape. At the very least there is sufficient corroboration from his admissions of sexual intercourse and the .testimony in part, if believed, that defendant’s face was scratched, his clothing was bloodstained, and that he fled from arrest immediately after the crime. Consequently, the rule in People v. English (16 N Y 2d 719) was not, on any view of the matter, violated.
There is, therefore, no occasion to invoke any rules of retro-activity or nonretroactivity, or to engage in the subtle and unhappy distinctions whether retroactivity should run to the date of trial or to .when the process of direct appeal has been exhausted. Such rules were generated because of the necessity to accommodate changing views of constitutional limitations without doing incalculable and wide-ranging practical harm. Invariably the rules have been applied as a result of newly-stated constitutional interpretations, most often by the Supreme Court and applied or allowed by that court (see, generally, People ex rel. Cadogan v. McMann, 24 N Y 2d 233, 235-240). In this case only a statute is involved, and of course, and most important, no question of the criminal court’s jurisdiction is presented as is the situation in most cases in which the 14th Amendment is effectively raised.
Accordingly, I concur in result and vote to affirm the judgment.
On appeal from orders:
Chief Judge Fuld and Judges Burke, Bergan and Gibson concur with Judge Somera:; Judge Brbitbl concurs in result in a separate opinion in which Judge Jasen concurs.
*497 Orders affirmed.
On appeal from judgment:
Chief Judge Fuld and Judges Burke, Bergan and Gibson concur with Judge Scileppi ; Judge Breitel concurs in result in a separate opinion in which Judge Jasen concurs.
Judgment affirmed.